IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARIO LARIOS**, | Case No. 2:24-cv-1356-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON DEPARTMENT OF CORRECTIONS** and **E. PRENTICE**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Mario Larios, an adult in custody ("AIC") representing himself,[1] sues the State of Oregon Department of Corrections ("ODOC") and Eric Prentice, an ODOC employee, in his official capacity. Plaintiff alleges that Defendants used excessive force on him and brings claims under 42 U.S.C. § 1983 for violations of his Eighth Amendment right and his rights under Sections 13 and 16 of the Oregon Constitution. Defendants move for summary judgment based

---

[1] Plaintiff states in his response to Defendants' motion for summary judgment that he has been denied proper legal representation by the Court. *See* ECF 21 at 2-3. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).

on Eleventh Amendment immunity. For the reasons stated below, the Court grants in part Defendants' motion.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex*, 477 U.S. at 325)). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not

those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson*, 477 U.S. at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Ninth Circuit further instructs that "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules. *Pro se* inmates are, however, expressly exempted from this rule." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted). For a *pro se* inmate, courts "should avoid applying summary judgment rules strictly." *Id.* "This rule exempts pro se inmates from *strict* compliance with the summary judgment rules, but it does not exempt them from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (emphasis in original). The exception for *pro se* inmates does "not entirely release [an inmate] from any obligation to identify or submit some competent evidence supporting his claim." *Id.*

## BACKGROUND

Plaintiff is an AIC at Snake River Correctional Institute ("SRCI"), who works in the Complex 2 kitchen. Prentice is employed by ODOC as a Correctional Officer ("CO") at SRCI. Answer (ECF 18) ¶ 1. On November 29, 2023, Prentice conducted routine pat-downs of the AICs who worked in the Complex 2 kitchen, including Plaintiff, as they left. Second Amended Complaint ("SAC") (ECF 17) at 4; Answer ¶ 3. Plaintiff alleges that Prentice "reached into [Plaintiff's] crotch and deliberately grabb[ed his] genitals," and "did this more than once." SAC at 4. Defendants deny this allegation. Answer ¶ 4.

PAGE 3 – ORDER

Plaintiff further asserts that another CO ("D. Sanchez") witnessed the incident and told Plaintiff that "he agreed that this was not okay." SAC at 4. Plaintiff alleges that CO Sanchez agreed to provide Plaintiff with a witness statement, but later told Plaintiff that he could not provide a statement "because he had already been reprimanded and instructed not to do so." *Id.* Plaintiff filed a grievance at SRCI claiming deliberate sexual harassment and has exhausted the grievance process. *Id.* at 7.

Plaintiff alleges that he has sustained emotional injuries in the form of depression, anxiety, nightmares, and being fearful and embarrassed to go out to the yard because inmates and COs make fun of him. *Id.* at 5-6. Plaintiff also asserts that he has a "constant fear of being violated again anytime [he is] searched." *Id.* at 6. Plaintiff seeks $5,000,000 in damages and states that he "would ask for CO Prentice to be fined or suspended without pay, but [Plaintiff is] afraid of him and the rest of the COs to retaliate against [Plaintiff] if [he does] this." *Id.*

## DISCUSSION

Defendants argue that Plaintiff's claims under § 1983 are barred by the Eleventh Amendment. Defendants contend that ODOC is a state agency that is immune from § 1983 lawsuits under the Eleventh Amendment. Because Prentice is sued in his official capacity as a state official, Defendants argue that he is also entitled to Eleventh Amendment immunity. Plaintiff responds to this argument only by quoting Oregon Revised Statutes § 30.265, which defines the scope of liability of public bodies, officers, employees, and agents, but does not address waiver of Eleventh Amendment immunity.[2]

---

[2] Plaintiff also contends that he has made efforts to obtain evidence in the form of video footage of the pat-down but has been told that no such footage exists, and that sworn statements submitted on his behalf have been ignored. Defendants reply that they have received no request for video footage from Plaintiff and are unaware of any sworn statements that have been ignored.

PAGE 4 – ORDER

The Supreme Court has interpreted the Eleventh Amendment generally to prohibit a citizen from suing a state in federal court. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). Supreme Court caselaw establishes that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). The Supreme Court has held that state officials acting within their official capacity are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Instead, the suit is "is not a suit against the official but rather is a suit against the official's office" and as such "is no different from a suit against the State itself." *Id.*

It is well settled that the ODOC, as an arm of the state, is entitled to immunity from suit. *See Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014) (holding claims against Oregon Department of Corrections and damages claims against individual defendants in their *official* capacities barred by Eleventh Amendment); *Abraham v. Or. Dep't of Corr.*, 2014 WL 5018813, at *4 (D. Or. Oct. 2, 2014) ("The Ninth Circuit has repeatedly held that 42 U.S.C. § 1983 does not unequivocally abrogate a state's sovereign immunity, and may not be used to recover damages against a state, state agency, or government officers acting within their official capacities."); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144

---

Because these allegations are not relevant to Defendants' argument that Eleventh Amendment immunity applies, the Court does not consider them at this time.

Plaintiff further argues that Prentice's actions satisfy the deliberate indifference standard required for Eighth Amendment claims and states that Prentice is "well known for harassing those of Hispanic descent." Again, these arguments are not relevant to the question currently before the Court of whether the Eleventh Amendment bars Plaintiff's lawsuit, and the Court thus does not consider them at this time.

PAGE 5 – ORDER

(1993) (holding that the state's "arms" are immune from suit under the Eleventh Amendment). Plaintiff, therefore, may only bring suit against ODOC in federal court if Congress has abrogated its sovereign immunity or if ODOC has waived its immunity. *See Abraham*, 2014 WL 5018813, at *4.

Congress has not abrogated Eleventh Amendment state sovereign immunity for § 1983 claims. See *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Thus, Plaintiff may not bring an action in federal court asserting a violation of § 1983 by the State of Oregon or an "arm" of the State. The State of Oregon also has not waived its sovereign immunity from suit in federal court. The Oregon Tort Claims Act ("OTCA") does provide for a limited waiver of sovereign immunity. It is not, however, a waiver of Eleventh Amendment immunity from suit in federal court. *See Millard v. Or. Dep't of Corr.*, 2014 WL 2506470, at *14 (D. Or. June 3, 2014); *see also Est. of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The [OTCA] is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity."). Thus, suits by private parties against the state must be brought in state court. *See Est. of Pond*, 322 F. Supp. 2d at 1165. The Court therefore grants summary judgment on all claims against ODOC.

As to Prentice, "damages claims against . . . individual defendants in their official capacities are barred by the Eleventh Amendment," *Brown*, 751 F.3d at 989 (citations omitted), and a state official cannot be sued under § 1983 in his or her official capacity for monetary relief. Eleventh Amendment state sovereign immunity does not bar a plaintiff from suing a state officer for injunctive relief in his official capacity as a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159 n.14 (1985)). Such injunctive or declaratory

relief, however, "may not be premised on a wholly past violation of federal law, because such relief would not serve the federal interest in assuring future compliance with federal law, and would be useful only as a basis for a damage award in a subsequent state proceeding." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Instead, only "relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)). Here, Plaintiff does not allege any continuing or present violation by Prentice, but instead alleges one past instance of sexual harassment.[3] Therefore, the Court also grants summary judgment on Plaintiff's claims against Prentice in his official capacity.

Plaintiff may, however, sue Prentice in his individual capacity. Although Plaintiff indicates that he sues Prentice in his official capacity, SAC at 2, Plaintiff seeks damages. "[W]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." *Entler v. Gregoire*, 872 F.3d 1031, 1033 n.1 (9th Cir. 2017) (quotation marks omitted). Plaintiff also alleges personal conduct by Prentice, who was acting outside his job duties. The Court therefore interprets Plaintiff's suit against Prentice as against him in his individual capacity, which is not barred by the Eleventh Amendment. The requested injunctive relief of fining Prentice or suspending him without pay, however, cannot be achieved with an injunction directed towards

---

[3] Defendants also argue that, under *Pennhurst State School & Hospital v. Halderman*, the Court lacks jurisdiction to enjoin state officials on the basis of state law and Plaintiff's claims under the Oregon Constitution should be dismissed. 465 U.S. 89, 124-25 (1984). The holding in *Pennhurst* applies only to state officials sued in their official capacity. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1041 (9th Cir. 2013). Thus, Plaintiff's state law claims for injunctive relief against ODOC and Prentice in his official capacity are barred.

Prentice. Thus, the Court allows to proceed only Plaintiff's claims for money damages against Prentice in his individual capacity.

## CONCLUSION

The Court GRANTS IN PART Defendants' Motion for Summary Judgment, ECF 19. The Court grants summary judgment in favor of Defendants on Plaintiff's claims for injunctive relief and Plaintiff's claims for money damages against ODOC and Prentice in his official capacity. The Court denies summary judgment on Plaintiff's claims for money damages against Prentice in his individual capacity.

**IT IS SO ORDERED.**

DATED this 3rd day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge